# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGIA M. RHYMES, | ) | CASE NO.  5:10cv2860 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WAL-MART STORES EAST, L.P., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Georgia M. Rhymes filed this *in forma pauperis* action against her former employer Wal-Mart Stores East, L.P, Stephen Dobransky and Shawna Conrad.[1] Ms. Rhymes is seeking $18,000.00 in compensatory and punitive damages for lost wages and emotional distress.

## Background

Ms. Rhymes was employed by Wal-Mart for almost 12 years as a door greeter. She claims that on "January 20th" she glanced at a piece of paper a customer handed to her.[2] At the time, Mr. Dobransky and Ms. Conrad were on their lunch breaks and were observing her. Shortly thereafter, Ms. Rhymes was summoned to the office without explanation. When she

---

[1] The Court presumes both individual defendants are employees of Wal-Mart.

[2] Ms. Rhymes does not disclose in what year she was fired.

1

arrived she was advised that her employment was terminated. According to Ms. Rhymes, the decision was planned because Ms. Rhymes states she had not seen her name on the work schedule for the upcoming week.

A copy of an Equal Employment Opportunity Commission (E.E.O.C.) "Dismissal and Notice of Right to Sue," dated September 21, 2010, is attached to Ms. Rhymes's complaint. There is no copy of an E.E.O.C. charge attached, or any indication of the claim for which she is seeking relief. Ms. Rhymes states she had to fight for her "unemployment" after she was fired. The damages she seeks represent the wages she would have earned for the balance of the year.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, __U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## Failure to State a Claim

A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Ms. Rhymes does not allege any facts which would support a federal claim against Wal-Mart. While she may believe she was discharged without cause, that does not state a claim for which federal relief is warranted. To the extent she believes she was wrongfully denied unemployment benefits, and she has exhausted her administrative remedies, such claims are best appealed to an Ohio court of common pleas. *See* OHIO REVISED CODE § 4141.28.2.

District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Even liberally construed, the complaint does not set forth a colorable claim for federal relief.

**Conclusion**

For the foregoing reasons, Ms. Rhymes is granted leave to proceed *in forma pauperis* (Doc. No. 2), and this action is dismissed under section 1915(e). Ms. Rhymes's Motion for Representation by an Attorney (Doc. No. 3) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 15, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**